### In re WACO DEVELOPMENT CO.
### No. 2947.

District Court, W. D. Texas, Waco Division.
March 23, 1936.

J. D. Williamson, of Waco, Tex., for debtor.

Goggans & Ritchie, of Dallas, Tex., and Sleeper, Boynton & Kendall, of Waco, Tex., for intervener Texas Hotel Securities Corporation.

Nathaniel Jacks, of Dallas, Tex., for intervener D. Gordon Rupe, Jr.

Thompson, Mitchell, Thompson & Young, of St. Louis, Mo., for Mercantile-Commerce Bank & Trust Company.

BOYNTON, District Judge.

Section 77B of the National Bankruptcy Act of the United States of America, as amended (11 U.S.C.A. § 207), relating to subject of "Corporate Reorganizations" was added by Amendatory Act of Congress approved June 7, 1934, amendment adding to chapter 8 of the Bankruptcy Act other sections entitled "Provisions for the relief of debtors." Therefore, such section of the Bankruptcy Act should be accordingly construed ever bearing in mind the intent and purpose of Congress in passing same as expressed in entitling chapter 8 of the act as containing "Provisions for the relief of debtors"; in this instance debtor corporations seeking reorganization under provisions of section 77B; while at the same time not overlooking protection of the rights and interests of creditors.

The debtor, Waco Development Company, a corporation, filed petition herein on May 17, 1935, seeking reorganization under terms and provisions of section 77B of the Bankruptcy Act, as amended, submitting therein proposed plan of reorganization. The court, by order duly made, approved and allowed the filing of such peti-tion, and in said order fixed date of hearing, issuance of notices, service and publication of notices thereof, all of which was done in accordance with terms of the court's said order for hearing on June 14, 1935. On such date hearing was had; Texas Hotel Securities Corporation appearing as intervener, filing opposition to the debtor's said petition as not filed in good faith, and by motion praying dismissal of same, and subject to the court's action on such motion opposing plan of reorganization proposed and set forth in the debtor's petition; debtor in reply to said intervener's motion, opposition, and pleadings filed pleading alleging that said intervener, Texas Hotel Securities Corporation, had acquired the mortgage notes and bonds of debtor corporation, held by it, in bad faith, after the filing herein of debtor's said petition for reorganization and with the intent and purpose of opposing reorganization of debtor corporation, and should therefore not be allowed to be heard herein or to vote on question of approval or rejection of plan or plans of reorganization offered by debtor. Thereupon, matters at issue were by order of court on said last-named date referred to a special master for the taking and hearing of testimony, making findings of fact and suggested conclusions of law.

Such testimony has been taken, reduced to record, consisting of several hundred pages, and findings of fact and suggested conclusions of law made and filed by such special master herein on December 13, 1935. Exceptions have been taken by the debtor, interveners Texas Hotel Securities Corporation and D. Gordon Rupe, Jr., respectively, and filed to the special master's report herein, and on the 29th day of February, 1936, submitted and argued before the court accompanied with written briefs and followed with additional briefs, several in number, filed by all such parties, and the Mercantile Commerce Bank & Trust Company of St. Louis, Mo., appearing and intervening herein on behalf of various and numerous owners of notes and bonds of debtor corporation, as trustee, and under powers of attorney, in amount aggregating $221,300 of the same class of notes and bonds held by said other two interveners.

The special master has found, from the evidence offered, and so reported, in his findings of fact, that debtor's petition here-

in was filed in good faith, and the court concurs in such finding, and finds such petition to have been filed in good faith.

The special master finds, and so reports, "the plan of reorganization proposed in debtor's petition is feasible," but not fair and equitable for reasons set forth in his report and suggested conclusions, referred to but not here quoted, and suggests that if the plan so proposed by debtor be amended, as suggested in his Findings and Fourth Conclusion "then it will be feasible, fair and equitable and should be confirmed." Such finding and conclusion of the special master the court finds supported by the record, and concurs in and affirms same.

The special master finds the debtor to be solvent, possessed of properties of the fair value of $725,000, with outstanding notes and bonds secured by lien on the hotel properties of debtor corporation, in amount of $413,000. That under the present management and operation of debtor's hotel properties same to be operating at a profit with promise of increase.. That under the plan of reorganization proposed by debtor (modified and amended by the special master in paragraph 4 of his conclusions) debtor can pay all taxes and expenses, including the making of repairs necessary to the preservation of such hotel properties, creditors, and reduce the amount of the outstanding mortgage notes and bonds secured by lien against such hotel properties, within a period of five years, to $300,000, when it is admitted loan for such amount can be secured against such properties in such sum and amount sufficient to pay off all such notes and bonds in such amount then remaining outstanding; with a reduction of only 1 per cent. in interest, viz., from 6 per cent. to 5 per cent., on such mortgage notes and bonds now outstanding.

If such plan of reorganization be approved, confirmed by the court, all creditors will be protected in realization on all their holdings and claims, and substantial equities of debtor in such hotel properties preserved; which would be lost by forced liquidation at this time, as shown by the record. Under the modified plan so suggested by the special master, all earnings and profits over and above operation of such hotel properties economically administered, and necessary repairs of the properties for the preservation of such properties, go to payment of creditors, bond, and noteholders.

Thus leaving for determination by the court, the question as to whether under all the facts and equities, disclosed by the record, in this case the Texas Hotel Securities Corporation, holder and owner at this time of mortgage notes and bonds of debtor corporation, aggregating only $149,100 of the $413,000 now outstanding, a block aggregating slightly in excess of 33⅓ per cent. of the present such outstanding notes and bonds, acquired at the time and manner and for the purpose as found by the master, and supported by the record, is entitled in law to vote same in opposition to the plan of reorganization, and plans of reorganization proposed by debtor corporation in these proceedings, on acceptance or rejection of such proposed plan of reorganization herein made, confirmation, and approval thereof by the court; and further, if so, whether the plan of reorganization found to be fair, equitable, and feasible can by the court be approved and confirmed and put into effect without a full two-thirds, 66⅔ per cent. of the holders of such mortgage notes and bonds of debtor corporation voting for acceptance of such plan though same be voted and approved by considerably more than a majority of such note and bondholders, holding such notes and bonds aggregating $221,300 of the $413,000 outstanding, under and by virtue of the proviso contained in subdivision (e) and subdivision (b), cl. 5, of section 77B of the Bankruptcy Act, 11 U.S. C.A. § 207 (e), (b) (5).

The special master finds, supported by the record:

Finding 10. "That the Hilton interests, who were formerly the principal stockholders of the Waco Hilton Hotel Company, at the time of the submission of the proposed extension and reorganization, had no legal interest in the properties involved, and owned no notes outstanding against the said properties, and that the intervener, Texas Hotel Securities Corporation, had at that time no legal title or ownership whatsoever in the properties or any interest of any character in said note issue."

Finding 11. "That the Hilton interests were the owners of a corporation known as the Texas Hotel Securities Corporation, intervener herein; that the officers and stockholders of said Texas Hotel Securities Corporation consisted of J. B. Herndon, Jr., J. W. Drown, and C. C. Rank, former employees of Hilton Hotels, Incorporated; that said intervener corpora-

tion has an authorized capital stock of $5,000.00, and that at the time in question it had less than $100.00 cash, and its only other asset consisted of some stock in the Plainview Hilton Hotel, which hotel was at that time in financial distress and difficulties."

Finding 12. "That upon learning of the intended submission of said plan of extension and reorganization by the Waco Development Company to the Securities and Exchange Commission, and before the plan had been approved for filing by the Securities Commission, the said Texas Hotel Securities Corporation sent an agent and employee, in the person of J. W. Drown, to St. Louis, Missouri, for the purpose of contacting all note holders."

That is the end of the quotation, though it does not state the finding in its entirety.

Finding 13. "That the said Drown, agent and representative of the Texas Hotel Securities Corporation, contacted personally a great number of the note holders and pointed out to them practically all of the objections of the plan of reorganization which are urged in this proceeding against said plan, and sought personally to obtain said options from the note holders at seventy cents on the dollar, in cash; that notwithstanding said fact, the said Festus J. Wade, Jr., & Company, broker and agent of the Texas Hotel Securities Corporation, obtained options on only $49,100.00 of said notes."

Finding 14. "I find that the said Texas Hotel Securities Corporation then contacted the First National Company which, with a co-trustee, were holders in liquidation of $100,000.00 of the outstanding notes, and endeavored to obtain said block, so as to acquire, in all, more than one-third of the notes; that the said First National Company declined to accept seventy cents on the dollar for this $100,000.00 block, and the said Texas Hotel Securities Corporation raised its offer and paid the said First National Company the sum of $85,000.00 for this $100,000.00 in notes."

Finding 15. "I find that at the time the plan was offered to the note holders, the reasonable cash market value of such notes was from forty-two and one-half to fifty cents on the dollar, and find that the present cash market value of the bonds is sixty cents on the dollar, but there is a limited market."

Part of finding 36, commencing at the bottom of page 14 of the master's report:

"And I further find that the purpose of said Hilton and intervener in seeking to acquire the said notes, and in afterwards acquiring them in the name of Texas Hotel Securities Corporation was to enable him, through said Corporation, to exercise sufficient influence or control in the adoption of any plan for the reorganization of Waco Development Company, Debtor, to have the plan formulated along lines that would afford him an opportunity to recoup certain losses which the Hilton interests had sustained in the Waco Hilton Hotel; that it was the intention of Hilton and his interests in purchasing said bonds to have the said bonds accorded the same treatment as the other bonds, and in addition thereto, if possible to profit in some way as above set out; that the total cost to intervener of notes now held by it equals at least their par value."

The record discloses that prior to the purchase by C. N. Hilton, acting as agent for the Texas Hotel Securities Corporation, from the First National Company of the block of $100,000 of the $149,100 of said notes and bonds held by the Texas Hotel Securities Corporation the First National Company had expressed a willingness to accept debtor's said plan of reorganization, unless paid as much as 85 cents on the dollar for notes and bonds so held by the First National Company, but upon being offered 85 cents on the dollar for the same by C. N. Hilton for the Texas Hotel Securities Corporation sold to said last-named corporation said $100,000 of said notes and bonds of debtor corporation.

It appears to the court, and the court here finds, that the Texas Hotel Securities Corporation, intervener herein, acting through its agent, C. N. Hilton, while acquiring said $100,000 of notes and bonds from the First National Company, paid a valuable consideration therefor, and acquired legal title and ownership thereof; said notes were acquired by intervener Texas Hotel Securities Corporation with the intention and for the purpose of using same to prevent and thwart effort of debtor Waco Development Company from accomplishing approval and confirmation by the court of any plan of reorganization under section 77B of the Bankruptcy Act submitted by debtor corporation (this being admitted in the testimony of C. N. Hilton given upon hearings had before the Special Master), by voting such block of 33⅓ per cent. of outstanding notes and

bonds, as such noteholder, against any plan proposed and submitted by debtor, though accepted by more than a majority of creditors, of all classes, of debtor corporation, though found by the court to be fair, equitable, and feasible, and to the protection and best interest of all such note and bondholders, creditors of debtor, without discrimination as to any class, or between the members of any class, within the meaning, purpose, and intention of said section 77B of the Bankruptcy Act. In opinion of the court to permit this would be violative not only of the purpose and intention and meaning of such section 77B, enacted for express purpose of providing means of procedure for relief of debtors, in this instance corporations, and at the same time protecting creditors, but violative of the purpose and intention that runs throughout the Bankruptcy Act relating to procedure thereunder, to be inequitable, against good conscience, and not warranted in law.

Hence the court holds the Texas Hotel Securities Corporation, intervener herein, having acquired ownership and control of such $149,100 of said notes, or at least the $100,000 of same purchased of the First National Company for the admitted purpose of so voting same, and seeking to prevent adoption, approval, and confirmation of plan of reorganization proposed by debtor herein, should not be allowed to vote same against the plan or plans of reorganization offered by debtor herein; and it is here so ordered. While the court might be in sympathy with losses that may have been sustained by C. N. Hilton in connection with his having operated such hotel properties in the past, consideration of same has no place in this action, which is an action and proceeding filed by the debtor corporation seeking reorganization under section 77B of the Bankruptcy Act.

■ The court here finds debtor's plan of reorganization, with amendments suggested in the report of the special master, to be fair, equitable, and feasible, and approved by more than a majority of all noteholders, including notes and bonds owned by the Texas Hotel Securities Corporation.

The special master in finding of fact 18 finds as follows: "I find that $221,300.00 of the total outstanding issue have accepted the plan of reorganization submitted in this proceeding; that $149,100.00 held by Texas Hotel Securities Corporation, and $12,500.-00 held by D. Gordon Rupe, Jr., have voted against this plan, and that bonds to the amount of $30,100.00 have not voted, and that, if the bonds purchased by the Texas Hotel Securities Corporation of the par value of $149,100.00 are eliminated, represents an acceptance of 83.85 per cent of the total of the outstanding bonds and 91.67 per cent of the bonds proven and filed and 94.65 per cent of the bonds voted on the plan."

It is further held by the court herein that even in event it be held that intervener Texas Hotel Securities Corporation is in law entitled to vote said bonds owned by it, slightly more than one-third of the outstanding bonds of debtor corporation, secured by mortgage lien on said debtor's hotel properties, against debtor's proposed plan or plans of reorganization, which for grounds and reasons hereinbefore stated the court has held such intervener not entitled to so vote; under the facts and equities in this case, a majority of the holders and owners of such outstanding notes and bonds of the same class voting in favor of acceptance of such plan of reorganization, and it appearing that such plan when changed to meet suggestions of the special master, provision being made for proper protection of the rights and interests of all such bondholders, including the Texas Hotel Securities Corporation and all nonassenting holders of such notes and bonds, the plan being found by the court fair, equitable, and feasible, and such bondholders protected by lien on debtor's properties, and without discrimination, the same meets all conditions of the proviso of subdivision (e) and clause 5 of subdivision (b) of section 77B of the Bankruptcy Act, as to warrant the court, in the exercise of the discretion there vested in the judge, in approving and confirming the plan of reorganization proposed by the debtor, such provision providing as follows, "Such method as will in the opinion of the judge, under and consistent with the circumstances of the particular case, equitably and fairly provide such protection," and the court here approves and confirms such plan when amended as suggested by the special master.

■ The court is here not unmindful that the Circuit Court of Appeals for the Sixth Circuit in case of In re Tennessee Publishing Company, debtor, 81 F.(2d) 463, decided February 13, 1936, held subdivision b, clause 5 of section 77B, unconstitutional and invalid; but this court does not follow or concur in the reasoning or result reached

in the opinion in said case, in declaring unconstitutional such proviso of subdivision (e) and said subdivision b, clause 5, unconstitutional or in construction and effect there ruled of opinion of the Supreme Court of the United States in the case of Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106, decided May 27, 1935; but to the contrary this court is disposed to hold that the decision in the Radford Case is in support of the findings here made by the court in the case at bar.

Debtor corporation has filed amendment, amended plan of reorganization herein meeting requirements of suggestions of the special master, before referred to herein.

In accordance with foregoing announced holdings of the court, order or orders will be entered herein overruling motion of intervener Texas Hotel Securities Corporation, or any interveners herein, to dismiss debtor's petition and each and all of its several exceptions to the special master's report, and all exceptions of the intervener D. Gordon Rupe, Jr., to the master's report, and all exceptions of debtor to the master's report, save and except to holding of the special master's findings and conclusion as to right of intervener to vote against acceptance of debtor's plan of reorganization, which the court here modifies in accordance with announcement of the court hereinbefore made in this opinion, the court except in such holding hereby approving, affirming, and adopting findings and report of the special master in all particulars.